**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:  BOSTON SCIENTIFIC CORPORATION
        PELVIC REPAIR SYSTEM
        PRODUCTS LIABILITY LITIGATION          MDL No. 2326

---

THIS DOCUMENT RELATES TO THE FOLLOWING CASES:

| | |
|---|---|
| Carolyn Frances Smothers v. Boston Scientific Corporation | 2:12-cv-4078 |
| Carolyn Francis Smothers v. Boston Scientific Corporation | 2:12-cv-8016 |

**MEMORANDUM OPINION AND ORDER**

Pending in 2:12-cv-8016 is Boston Scientific Corporation's Motion for Summary Judgment Based on Statute of Limitations [Docket 49][1]. For the reasons stated below, the motion is **GRANTED** and these cases are **DISMISSED**.

**I. Background**

The plaintiff in these cases alleges she was injured after she was implanted with Boston Scientific Corporation's ("BSC") Obtryx Transobturator Mid-Urethral Sling. (*See* Short Form Compl. [Docket 1], at 3). She filed two lawsuits against BSC. First, she sued BSC in the District of Massachusetts on July 10, 2012. This action was later transferred by the Judicial Panel on Multidistrict Litigation to MDL 2326 and assigned its current case number, 2:12-cv-4078. A second suit was filed on the plaintiff's behalf on November 20, 2010. This suit was filed directly into the Boston Scientific MDL and was given case number 2:12-cv-8016. Unaware of the first filing that originated in the District of Massachusetts, I selected the later-filed case as a

---

[1] Hereinafter, all docket entries will refer to 2:12-cv-8016.

bellwether case to be prepared for trial. (*See* Pretrial Order # 54).

On January 6, 2014, I entered an Order indicating that the plaintiff had filed duplicate actions and that the plaintiff must either (1) show cause within ten days why both actions should not be dismissed, or (2) file the appropriate pleadings to dismiss the duplicate action. (*See* Order [Docket 31]). The plaintiff then moved to dismiss 2:12-cv-8016 as a duplicate action and asked that I replace it with the earlier-filed case, 2:12-cv-4078. (*See* Motion to Dismiss [Docket 41], at 2). That motion remains pending.

In the instant motion for summary judgment, BSC contends that the plaintiff's action is barred by Tennessee's one-year statute of limitations. The plaintiff responds that I should apply Massachusetts's three-year statute of limitations and find that her claims are not time-barred. As I explain below, the plaintiff's claims are time-barred under Massachusetts's three-year limitations period.

## II. Legal Standard

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*,

2

477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

### III. Analysis

The parties disagree on which state's choice-of-law rules to apply. The plaintiff maintains that Massachusetts's choice-of-law provisions should apply because her earlier-filed case, 2:12-cv-4078, was transferred from the District of Massachusetts. "When a diversity case is transferred by the multidistrict litigation panel, the law applied is that of the jurisdiction from which the case was transferred." *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 732 (7th Cir. 2010); *see also In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) ("[T]he transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation."). In that case, Massachusetts's choice-of-law rules would apply because the case was transferred from Massachusetts and it would have remained in Massachusetts but for MDL consolidation.

On the other hand, BSC argues that Tennessee's choice of law provisions should apply. BSC contends that the later-filed case, 2:12-cv-8016, which was slotted as a bellwether,[2] should

---

[2] BSC declined to waive its rights under *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), and, as a result, I am now unable to try this case as a bellwether case in this district.

3

determine what state's choice-of-law provisions apply. This case was filed directly into the MDL and does not formally have an "originating" district. Therefore, BSC argues, I should apply the law of the state where the plaintiff was implanted with the product, which is Tennessee. *See In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:09-md-2100, 2011 WL 1375011, at *6 (S.D. Ill. Apr. 12, 2011) ("[T]he better approach is to treat foreign direct filed cases as if they were transferred from a judicial district sitting in the state where the case originated," which is "the state where the plaintiff purchased and was prescribed the subject drug."); *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, No. 07-md-1871, 2012 WL 3205620, at *2 (E.D. Pa. Aug. 7, 2012) ("The Court has concluded, as have other MDL courts, that such cases should be governed by the law of the states where Plaintiffs received treatment and prescriptions for Avandia.").

After deciding what state's choice-of-law provisions apply, I would then use those provisions to determine which state's substantive law to apply. For instance, BSC argues that even if I apply Massachusetts's choice-of-law rules, Massachusetts utilizes the "most significant relationship" test to determine which state's substantive laws to apply. *See New England Tel. & Tel. Co. v. Gourdeau Const. Co.*, 647 N.E.2d 42, 44 (Mass. 1995) (In deciding choice-of-law issues, the "focus should be on which State has the more significant relationship to the occurrence and to the parties with respect to the issue of limitations.") (citing Restatement (Second) Conflict of Laws § 142 cmt. e (Supp. 1989)). BSC contends that Tennessee has the most significant relationship to this case because the plaintiff is a citizen of Tennessee and the product was implanted in Tennessee. (*See* BSC's Reply in Supp. of Its Mot. for Summ. J. Based on Statute of Limitations [Docket 78], at 7-8). The plaintiff disagrees. She contends that Massachusetts has the most significant relationship to this case because BSC is headquartered

4

there and the product was designed and manufactured there. (*See* Pls.' Resp. in Opp. to BSC's Mot. for Summ. J. Based on Statute of Limitations [Docket 71], at 9). Therefore, the plaintiff urges the court to apply Massachusetts's substantive law to this case, which includes a three-year statute of limitations on her claims.

I need not settle this dispute. I will assume for the sake of argument that the plaintiff is correct: that Massachusetts law applies here and that Massachusetts has the most significant relationship to this case. Even so, the plaintiff's claims are time-barred. Massachusetts uses a three-year statute of limitations for personal injury actions. *See* Mass. Gen. Laws Ann. ch. 260, § 2A. Massachusetts, like many other states, follows the discovery rule. Under the discovery rule, the limitations period for bringing an action begins to run "when a plaintiff discovers, or any earlier date when she should reasonably have discovered, that she has been harmed or may have been harmed by the defendant's conduct." *Bowen v. Eli Lilly & Co.*, 557 N.E.2d 739, 741 (Mass. 1990). A plaintiff must have "(1) knowledge or sufficient notice that she was harmed and (2) knowledge or sufficient notice of what the cause of harm was." *Id.* at 742; *see also Koe v. Mercer*, 876 N.E.2d 831, 836 (Mass. 2007) ("[T]he three-year statute of limitations period of § 2A does not start to run 'until a plaintiff has first, an awareness of [the] injuries and, second, an awareness that the defendant caused [the] injuries.'") (quoting *Doe v. Creighton*, 786 N.E.2d 1211, 1213 (Mass. 2003)).

When a plaintiff relies on the discovery rule to argue that the limitations period was tolled, the plaintiff bears the burden to prove "both an actual lack of causal knowledge and the objective reasonableness of that lack of knowledge." *Doe*, 786 N.E.2d at 1213. Although issues relating to what the plaintiff knew are usually fact questions for the jury, the plaintiff will not survive summary judgment if she cannot "demonstrate a reasonable expectation of proving that

the claim was timely filed." *Koe v. Mercer*, 876 N.E.2d 831, 836 (Mass. 2007).

The plaintiff was implanted with BSC's Obtryx sling on May 11, 2009, more than three years before she filed any lawsuit. (*See* Pls.' Resp. in Opp. to BSC's Mot. for Summ. J. Based on Statute of Limitations [Docket 71], at 4). But the plaintiff argues that the limitations period did not begin to run until a later time. The plaintiff contends that she did not have actual knowledge of her injury until July 30, 2009, when she visited her implanting physician for a follow-up. (*See id.* at 4, 15). She further argues that she did not make a causal connection between the device and her injuries until she visited a different physician on September 22, 2009, who told her that her sling was causing problems. (*See id.* at 5; Smothers Dep. [Docket 71-1], at 138:21-139:8).

These contentions are without merit because the plaintiff herself admitted that she was aware that the sling was causing her injuries as early as three weeks after implantation. She testified to this fact at her deposition:

> Q.    When did you first attribute the symptoms that you're having now to your sling?
>
> A.    *Probably, I guess, about two or three weeks after I had it put in.* It's been so long. It's hard to remember.
>
> Q.    You didn't think that it could have been one of the other parts of the surgery that were causing your problem?
>
> A.    *I didn't think it would be.*
>
> Q.    You just thought it must have been the sling?
>
> A.    *Yeah.*

(Smothers Dep. [Docket 49-2], at 147:14-148:2 (emphasis added)). The plaintiff does not address this testimony in her response brief.

It is clear from her testimony that the plaintiff was on notice that she had been harmed, and that her harm was attributable to the Obtryx sling as early as three weeks after implantation,

6

which is June 1, 2009. No reasonable jury could infer otherwise. The plaintiff's notice that the Obtryx caused her harm "creates a duty of inquiry and starts the running of the statute of limitations." *Bowen v. Eli Lilly & Co.*, 557 N.E.2d 739, 743 (Mass. 1990). I therefore **FIND** that the limitations period began to run against the plaintiff's claims on June 1, 2009. Having found that the limitations period began to run on June 1, 2009, the following timeline demonstrates that the plaintiff's claims are time-barred:

- May 11, 2009        Plaintiff implanted with Obtryx sling

- June 1, 2009        Plaintiff attributes symptoms to Obtryx sling three weeks after implantation

- June 1, 2012        Plaintiff's claims become time-barred in Massachusetts

- July 10, 2012       Plaintiff files suit in District of Massachusetts, No. 2:12-cv-4078

- November 20, 2012   Plaintiff files suit directly into MDL, No. 2:12-cv-8016

The plaintiff failed to file her lawsuits within Massachusetts's three-year limitations period. Therefore, I **FIND** that the plaintiff's claims are time-barred.

## IV. Conclusion

For the reasons stated above, BSC's Motion for Summary Judgment Based on Statute of Limitations [Docket 49] is **GRANTED** and these cases are **DISMISSED with prejudice**. The Clerk is **DIRECTED** to terminate all pending motions in these cases.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:  July 11, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE